FILED

SEP 17 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTIE DAVIS,

        Plaintiff,

                                            CV 10-811-PK

                                            FINDINGS AND
v.                                           RECOMMENDATION

PEOPLES CHOICE HOME LOAN, INC.,
MARTIN BONANNO,
USB AG INVESTMENT TRUST,
R.K. ARNOLD,
MERS INC. (MORTGAGE ELECTRONIC
REGISTRY SYSTEM),
OCWEN LOAN SERVICING,

        Defendants.

PAPAK, Judge:

        Plaintiff Christie Davis files this action *pro se* alleging defendants[1] committed various

---

[1] Davis has named several defendants in her complaint that have not yet been served, including Peoples Choice Home Loan, Inc. ("Peoples Choice"), Martin Bonanno, UBS AG

Page 1 - FINDINGS AND RECOMMENDATION

predatory lending practices regarding her mortgage refinance. Davis' third amended complaint alleges, among many other grievances, that: (1) Ocwen Loan Servicing, LLC ("Ocwen") fraudulently imposed insurance fees and fraudulently placed Davis' loan into default; and (2) that Mortgage Electronic Registry Systems, Inc. ("MERS") committed securities fraud. Davis also seeks the equivalent of declaratory relief. Now before this court is Ocwen and MERS' motion to dismiss (#3) pursuant to Fed. R. Civ. P. 12(b)(6).[2] For the reasons discussed below, I recommend that the motion be granted as to defendants Ocwen and MERS.

## LEGAL STANDARD

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must take the complaint's allegations of material fact as true and construe them in the light most favorable to the nonmoving party. *Keams v. Tempe Tech. Inst.*, 39 F.3d 222, 224 (9th Cir. 1994). Moreover, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Finally, if the court dismisses for failure to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by alleging other facts. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

---

Investment Trust, and R.K. Arnold. The caption of this opinion follows Davis' naming convention without implying that this court has jurisdiction over parties not yet served. Additionally, the motion before the court applies only to Davis' claims against defendants Ocwen and MERS.

[2]Although defendants' motion to dismiss was filed in response to a previous complaint, defendants request that the court construe their motion as also responsive to Davis' most recent amended complaint.

Page 2 - FINDINGS AND RECOMMENDATION

To survive a motion to dismiss for failure to state a claim, a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To raise a right to relief above the speculative level, "[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation omitted). Instead, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009), citing *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009).

In cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 623 (9th Cir. 1988). That is, courts hold *pro se* pleadings to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Specifically, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *See Karim-Panahi*, 839 F.2d at 623-624.

## FACTS

In February, 2006, Davis sought lending services from Peoples Choice due to her loss of employment and personal injury. (Third Amend. Compl., #26, at 2.) Davis originally sought a home equity loan, but was convinced by an agent for Peoples Choice that it would be better for her to refinance. On February 14, 2006, Davis executed a Deed of Trust securing a loan of

$467,500.00 from Peoples Choice.[3] (Memo in Supp. of Def.'s Mot. to Dismiss, #4, Ex. 1). In July, 2006, defendant Ocwen assumed servicing of her loan and within a short time Davis alleges that she was accused of defaulting on her payments. (Third Amend. Compl., #26, at 4.) In November, 2006, Davis received a notice from Ocwen stating that she needed insurance on her property, despite that she had already provided Ocwen with proof of insurance. *Id.* Davis also alleges that defendant MERS has been "extorting money" from her because her lender, Peoples Choice, has been bankrupt since 2007. *Id.* at 4. She asserts that MERS lost its legal entitlement to her property after Peoples Choice became insolvent. *Id.*

## ANALYSIS

Although Davis' amended complaint appears to be a sincere expression of discontent with defendants and the financial havoc created in recent years by the mortgage lending industry, it does not allege any claims which could merit relief. This complaint alludes to numerous potential legal theories, but fails to connect those theories to supporting facts which could raise the right to relief above the speculative level. In sum, the complaint's lack of specific allegations fails to give the defendants adequate notice of Davis' claims and the grounds upon which they rest.

### 1. FRAUD

Davis alleges fraud against Ocwen, which I interpret as common law fraud claim. The elements of a claim for fraud under Oregon law are: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it

---

[3] Pursuant to Fed. R. Evid. 201, I take judicial notice of the Deed of Trust submitted by defendants which was publically recorded with the Clackamas County Clerk.

Page 4 - FINDINGS AND RECOMMENDATION

should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Webb v. Clark*, 274 Or. 387, 391, 546 P.2d 1078 (1976); *Johnsen v. Mel-Ken Motors*, 134 Or. App, 81, 89, 894 P.2d 540 (1995).

Here, Davis asserts that defendant Ocwen "ERRONEOUSLY/FRAUDULENTY IMPOSED INSURANCE FEES . . . OF $2,250.00" despite that Davis "REPEATEDLY HAD INSURANCE DECLARATIONS SENT TO [Ocwen] BY [Davis'] INSURANCE COMPANY" and that Ocwen has been "FRAUDULENTLY PUTTING ME INTO DEFAULT." (Third Amend. Compl., #26, at 4.) (emphasis in original). These allegations amount to mere legal conclusions. Davis does not assert facts, which, if true, would establish the elements of a claim for fraud.

### 2.  SECURITIES FRAUD

Davis also alleges that "THE SECURITY FRAUD OF MERS INC. HAS GONE BEYOND LEGAL BOUNDARIES". (Third Amend. Compl., #26, at 4.) Since Davis does not identify which particular statutes MERS has violated, her securities fraud allegation fails to state a claim. Also, the federal requirement for pleading fraud allegations with particularity has long been applied to securities fraud complaints and Davis provides no details of the alleged fraud committed by MERS. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *Semegen v. Weidner*, 780 F.2d 727, 729, 734-35 (9th Cir. 1985).

### 3.  DECLARATORY RELIEF

Davis also seeks declaratory relief, praying for "CLEAR AND ABSOLUTE TITLE TO

Page 5 - FINDINGS AND RECOMMENDATION

MY HOME PROPERTY DEED . . . 'UNENCUMBERED WHATSOEVER' BY THIS LITIGATION OR ADDITIONAL VARIANCE OR DIMINISHING OF MY RIGHTS TO MY HOME." (Third Amend. Compl., #26, at 5.) The Declaratory Judgment Act allows a federal court to declare "the rights and other legal relations" of parties to "a case of actual controversy" within its jurisdiction. 28 U.S.C. § 2201(a). In the Ninth Circuit, a district court follows a two-step analysis to determine whether declaratory judgment is appropriate. *See Principal Life Ins. Co. v. Robinson,* 394 F.3d 665, 669 (9th Cir. 2005). First, the court must analyzes whether there is an actual case or controversy within its jurisdiction, and second, if an actual case or controversy exists, the court must decide whether to exercise its jurisdiction. *Robinson,* 394 F.3d at 669.

Here, Davis' allegations concerning declaratory judgment do not properly state a claim. Davis does not allege any facts that amount to a case of actual controversy concerning the title of her home. The complaint contains no allegations of a title dispute or future litigation threatened by defendants which would permit the court to exercise its discretion and grant declaratory relief.

4.   **OTHER ALLEGATIONS**

Davis' complaint also contains numerous other allegations, none of which are actionable. For example, the allegations include attempts to implicate defendant MERS in national and international wrongdoing. (Third Amend. Compl., #26, at 3) ("MERS IS DESTROYING PEOPLE'S LIVES AND THE NATIONAL ECONOMY . . . AND IS FAR REACHING EVEN INTO OTHER COUNTRIES.") While the court acknowledges Davis' outrage, Davis' allegations, even if true, would do not entitle her to a legal remedy.

///

Page 6 - FINDINGS AND RECOMMENDATION

## 5. LEAVE TO AMEND

After a defendant has filed a response to an initially-filed complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Federal Civil Procedure Rule 15 specifies that "[t]he court should freely give leave when justice so requires." *Id.* Moreover, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *See Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 623-24 (9th Cir. 1988). Here, despite that Davis has already amended her complaint several times, she is entitled to another opportunity to amend now that she has been given notice of the deficiencies of her pleadings. Amendment would not be futile since allegations of additional facts and a streamlined presentation of legal claims could cure the complaint's present deficiencies.

## CONCLUSION

For the foregoing reasons, defendants' Ocwen and MERS' motion to dismiss (#3) should be granted and plaintiff should be granted leave to amend her complaint.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

///

///

///

///

Page 7 - FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this 16th day of August, 2010.

*/s/ Paul Papak*
Honorable Paul Papak
United States Magistrate Judge